UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Gregory Lewis Bradley, Jr., | ) | CASE NO. 1: 20 CV 809 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Robert Ruiz, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Identifying himself as "the assignee of collateral," *pro se* plaintiff Gregory Lewis Bradley, Jr., a prisoner in the Lake Erie Correctional Institution, has filed an *in forma pauperis* complaint for "Interpleader" against Robert Riuz, Underwriter of Banker Insurance Company, and Tatiana Crockin, Underwriter of Allegheny Casualty Company. (Doc. No. 1.) Although it appears to relate to his 2011 criminal conviction in Columbiana County, *see State v. Bradley*, 2009 CR 291 (Columbiana Cty. Ct. of Comm. Pls.), his complaint is incomprehensible and does not set forth cogent factual allegations or legal claims against the defendants. Subsequent filings he has made in the case, a "Statement of Jurisdiction" (Doc. No. 3) and motions for "Summary Judgment" and "Summary Process" (Doc. Nos. 4, 5), are likewise incomprehensible and fail to suggest any plausible federal claim.

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*);

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits.  *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf.  *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).  Further, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h).  A federal district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

Upon review, the Court finds this action warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*.  The plaintiff's pleadings are so incomprehensible, unsubstantial, and frivolous that they do not provide a basis to establish this Court's subject-matter jurisdiction over any plausible federal claim in the case.

**Conclusion**

Accordingly, this action is dismissed pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).[1]  In light of this ruling, all remaining motions, including the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

---

[1]This decision constitutes a strike for purposes of 28 U.S.C. § 1915(g), and the Court notes that it has already summarily dismissed a prior civil action the plaintiff filed while incarcerated related to his Columbiana County conviction pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Bradley v. State of Ohio*, Case No. 1: 14 CV 811 (N.D. Ohio Aug. 27, 2014).

could not be taken in good faith.

        IT IS SO ORDERED.


                                    /s/ Patricia A. Gaughan
                                PATRICIA A. GAUGHAN
                                United States District Court
                                Chief Judge

Dated: 8/10/20